UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

_____

| | |
|---|---|
| ASHLEY M. WALSTON and | )  CIVIL ACTION NO. |
| MATTHEW E. SALEN | ) |
|     Plaintiffs | ) |
| | ) |
| v. | ) |
| | ) |
| SANTANDER CONSUMER USA, INC., | ) |
| EXPERIAN INFORMATION SOLUTIONS, | ) |
| INC., EQUIFAX INFORMATION SERVICES | ) |
| LLC, and TRANS UNION LLC | ) |
|     Defendants | ) |
| _____ | )  OCTOBER 31, 2016 |

COMPLAINT

I. INTRODUCTION

1.  This is a suit brought by two consumers under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, against Santander Consumer USA, Inc. ("Santander"), Experian Information Solutions, Inc. ("Experian"), Equifax Information Services, LLC ("Equifax"), and Trans Union LLC ("TransUnion") regarding their failure to conduct a reasonable investigation of Plaintiffs' disputes regarding a retail installment sales contract for the purchase of a motor vehicle.  Plaintiffs bring this action to recover statutory damages, actual damages, punitive damages, and reasonable attorney's fees and costs.

II. PARTIES

2.  Plaintiff, Ashley M. Walston ("Walston"), is a natural person residing in Niantic, Connecticut, and she is a "consumer" as that term is defined by the FCRA, 15 U.S.C. § 1681a(c).

3.  Plaintiff, Matthew E. Salen ("Salen"), is a natural person residing in Niantic,

Connecticut, and he is a "consumer" as that term is defined by the FCRA, 15 U.S.C. § 1681a(c).

4.   Defendant Santander is an Illinois corporation with headquarters in Dallas, Texas, and it is a "furnisher" of information to consumer reporting agencies as defined by the FCRA, 15 U.S.C. § 1681s.

5.   Defendant Experian is an Ohio corporation located in California and is a "consumer reporting agency" as that term is defined by the FCRA, 15 U.S.C. § 1681a(f).

6.   Defendant Equifax is a Georgia limited liability company located in Atlanta and is a "consumer reporting agency" as that term is defined by the FCRA, 15 U.S.C. § 1681a(f).

7.   Defendant Trans Union is a Delaware corporation located in Wilmington, Delaware and is a "consumer reporting agency" as that term is defined by the FCRA, 15 U.S.C. § 1681a(f).

### III.  JURISDICTION

8.   Jurisdiction in this Court is proper pursuant to 15 U.S.C. § 1681p.

9.   This Court has jurisdiction over the defendants because they regularly conduct business in this state.

10. Venue in this Court is proper, as the Plaintiffs are residents of Connecticut and the violations that are the subject of this litigation occurred within this State.

### IV.  FACTUAL ALLEGATIONS

11. On or about January 30, 2016, Plaintiffs purchased a motor vehicle pursuant to a Retail Installment Contract (the "Contract") that was assigned to Santander, and Plaintiffs became indebted to Santander (the "Debt").

12. Subsequently, on April 4, 2016, Plaintiffs, through their counsel, served notice on Santander that Plaintiffs revoked acceptance of the vehicle due to a claimed breach of warranty, and they advised Santander that Plaintiffs disputed any further indebtedness under the Contract.

13. On May 18, 2016, Plaintiffs served Santander with a civil lawsuit in which it sought a judgment against Santander and the original seller of the vehicle. The relief sought in the civil lawsuit included an order that Plaintiffs had no further liability to Santander under the Contract.

14. Notwithstanding the notice of dispute and the commencement of litigation, Santander continued to report the account as delinquent to Experian, Equifax and Trans Union without including any acknowledgement that Plaintiffs disputed the Debt.

15. On June 13, 2016, Walston sent Experian a letter in which she advised that she disputed the Debt, and she provided Experian with a copy of the April 4, 2016 letter to Santander.

16. Experian continued to include the Debt, as reported by Santander, on Walston's report without any acknowledgement of the dispute.

17. Subsequently, Walston applied to TJ Motors for a motor vehicle loan.

18. TJ Motors denied Walston's application based, in part, upon the continued reporting of the Debt on her Experian report without acknowledgement of the dispute.

19. On June 13, 2016, Walston sent Equifax a letter in which she advised that she disputed the Debt, and she provided Equifax with a copy of the April 4, 2016 letter to Santander.

20. Equifax continued to include the Debt, as reported by Santander on Walston's

3

report without acknowledgement of the dispute.

21. Subsequently, Walston applied to Discover Card for credit.

22. Discover Card denied Walston's application based, in part, upon the continued reporting of the Debt on her Equifax report without acknowledgment of the dispute.

23. Walston also subsequently applied to Regional Acceptance Corporation for credit.

24. Regional Acceptance Corporation denied Walston's application based, in part, upon the continued reporting of the Debt on her Equifax report without acknowledgement of the dispute.

25. On June 13, 2016, Walston sent Trans Union a letter in which she advised that she disputed the Debt, and she provided Trans Union with a copy of the April 4, 2016 letter to Santander.

26. Trans Union continued to include the Debt, as reported by Santander, on Walston's report without acknowledgement of the dispute.

27. Subsequently, Walston applied to Ally Financial for credit to purchase an automobile.

28. Ally Financial denied Walston's application based, in part, upon the continue reporting of the Debt on her Trans Union report without acknowledgement of the dispute.

29. On June 13, 2016, Salen sent Equifax a letter in which he advised that he disputed the Debt, and he provided Equifax with a copy of the April 4, 2016 letter to Santander.

30. Equifax continued to include the Debt, as reported by Santander, on Salen's report without acknowledgement of the dispute.

31. Subsequently, Salen applied to Discover for credit.

32. Discover denied Salen's application based, in part, upon the continued reporting of the Debt on his Equifax report without acknowledgement of the dispute.

33. Salen also subsequently applied to Navy Federal Credit Union for credit.

34. Navy Federal Credit Union denied Salen's application based, in part, upon the continued reporting of the Debt on his Equifax report without acknowledgement of the dispute.

35. Salen also subsequently applied to Regional Acceptance Corporation for credit to purchase an automobile.

36. Regional Acceptance Corporation denied Salen's application based, in part, upon the continued reporting of the Debt on his Equifax report without acknowledgement of the dispute.

37. On June 13, 2016, Salen sent Trans Union a letter in which he advised that he disputed the Debt, and he provided Trans Union with a copy of the April 4, 2016 letter to Santander.

38. Trans Union continued to include the Debt, as reported by Santander, on Salen's report without acknowledgement of the dispute.

39. Subsequently, Salen applied to Ally Financial for a motor vehicle loan.

40. Ally Financial denied Salen's application based, in part, upon the continued reporting of the Debt on his Trans Union report without acknowledgement of the dispute.

41. Salen also subsequently applied to Navy Federal Credit Union for a credit card.

42. Navy Federal Credit Union denied Salen's application based, in part, upon the continued reporting of the Debt on his Trans Union report without acknowledgement of the dispute.

V.  CAUSES OF ACTION

A.  FAIR CREDIT REPORTING ACT (SANTANDER)

43. Santander is a person as that term is defined by the FCRA, § 1681a(b), and a furnisher of information to consumer reporting agencies as contemplated by the FCRA, § 1681s-2.

44. Pursuant to the FCRA § 1681s-2(b), Santander bears a duty to perform a reasonable investigation in response to consumer disputes, such as those Plaintiffs lodged with Experian, Equifax and Trans Union.  Santander knew or should have known, when it received notice of Plaintiffs' disputes of the account from Experian, Equifax and Trans Union, that Plaintiffs disputed the account because Santander had received notice of Plaintiffs' disputes and because it had been named as a defendant in a civil lawsuit that challenged the validity of the claimed debt.

45. Santander violated the FCRA § 1681s-2(b) by failing to properly investigate Plaintiffs' disputes when requested to do so by Experian, Equifax and Trans Union and by failing to inform Experian, Equifax and Trans Union that Plaintiffs disputed the debt in response to the inquiry made by them after Plaintiffs requested the reinvestigation of the account.

46. Santander's failure to correct the disputed information and its continued report

to Experian, Equifax and Trans Union stating Plaintiffs' debts were past due and not subject to dispute constitute willful and/or negligent violations of the FCRA § 1681s-2(b).

47. As a result of Santander's failure to correct the disputed information, Plaintiffs were denied credit by the aforementioned companies.

48. For its willful violations of the FCRA, Santander is liable to each Plaintiff for actual damages, attorney's fees, costs, and punitive damages pursuant to FCRA § 1681n.

49. For its negligent violations of the FCRA, Santander is liable to each Plaintiff for actual damages, attorney's fees, and costs pursuant to FCRA § 1681o.

### B.  FAIR CREDIT REPORTING ACT (EXPERIAN)

50. Experian is a person as that term is defined by the FCRA, § 1681a(b), and a consumer reporting agency as contemplated by the FCRA.

51. Pursuant to the FCRA § 1681i, Experian has a duty to perform a reasonable investigation in response to consumer disputes, such as the dispute Walston lodged with Experian.

52. Experian violated the FCRA § 1681i by failing or refusing to properly investigate Walston's dispute of the Santander account when requested to do so.

53. Experian's failure to correct the disputed information and its continued reporting of the account constituted willful and/or negligent violations of the FCRA § 1681i.

54. When preparing a credit report regarding a consumer, Experian is also required by § 1681e(b) of the FCRA to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom

the report relates.

55. In this case, Walston had provided Experian with a copy of the letter from her attorney, which was *prima facie* evidence that Walston disputed the debt reported by Experian.

56. Santander ignored this information and continued to report this account without any notation regarding its disputed status.

57. As a result of Experian's failure to comply with the mandates of the FCRA, Walston was denied credit with TJ Motors.

58. For its willful violations of the FCRA, Experian is liable to Walston for actual damages, attorney's fees, costs and punitive damages pursuant to the FCRA § 1681n.

59. For its negligent violations of the FCRA, Experian is liable to Walston for actual damages, attorney's fees, and costs pursuant to the FCRA § 1681o.

### C.  FAIR CREDIT REPORTING ACT (EQUIFAX)

60. Equifax is a person as that term is defined by the FCRA, § 1681a(b), and a consumer reporting agency as contemplated by the FCRA.

61. Pursuant to the FCRA § 1681i, Equifax has a duty to perform a reasonable investigation in response to consumer disputes, such as the disputes Walston and Salen lodged with Equifax.

62. Equifax violated the FCRA § 1681i by failing or refusing to properly investigate Walston's and Salen's disputes of the Santander account when requested to do so.

63. Equifax's failure to correct the disputed information and its continued reporting of the account constituted willful and/or negligent violations of the FCRA §

1681i.

64. When preparing a credit report regarding a consumer, Equifax is also required by § 1681e(b) of the FCRA to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

65. In this case, Walston and Salen had provided Equifax with a copy of the letter from their attorney, which was *prima facie* evidence that Walston and Salen disputed the debt reported by Equifax.

66. Santander ignored this information and continued to report this account without any notation regarding its disputed status.

67. As a result of Equifax's failure to comply with the mandates of the FCRA, Walston was denied credit with Discover Card and Regional Acceptance Corporation.

68. As a result of Equifax's failure to comply with the mandates of the FCRA, Salen was denied credit with Discover Card, Navy Federal Credit Union and Regional Acceptance Corporation.

69. For its willful violations of the FCRA, Equifax is liable to Walston for actual damages, attorney's fees, costs and punitive damages pursuant to the FCRA § 1681n.

70. For its willful violations of the FCRA, Equifax is liable to Salen for actual damages, attorney's fees, costs and punitive damages pursuant to the FCRA § 1681n.

71. For its negligent violations of the FCRA, Equifax is liable to Walston for actual damages, attorney's fees, and costs pursuant to the FCRA § 1681o.

72. For its negligent violations of the FCRA, Equifax is liable to Salen for actual damages, attorney's fees, and costs pursuant to the FCRA § 1681o.

D.  FAIR CREDIT REPORTING ACT (TRANS UNION)

73. Trans Union is a person as that term is defined by the FCRA, § 1681a(b), and a consumer reporting agency as contemplated by the FCRA.

74. Pursuant to the FCRA § 1681i, Trans Union has a duty to perform a reasonable investigation in response to consumer disputes, such as the disputes Walston and Salen lodged with Trans Union.

75. Trans Union violated the FCRA § 1681i by failing or refusing to properly investigate Walston's and Salen's disputes of the Santander account when requested to do so.

76. Trans Union's failure to correct the disputed information and its continued reporting of the account constituted willful and/or negligent violations of the FCRA § 1681i.

77. When preparing a credit report regarding a consumer, Trans Union is also required by § 1681e(b) of the FCRA to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

78. In this case, Walston and Salen had provided Trans Union with a copy of the letter from their attorney, which was *prima facie* evidence that Walston and Salen disputed the debt reported by Trans Union.

79. Santander ignored this information and continued to report this account without any notation regarding its disputed status.

80. As a result of Trans Union's failure to comply with the mandates of the FCRA, Walston was denied credit with Ally Financial.

81. As a result of Trans Union's failure to comply with the mandates of the FCRA, Salen was denied credit with Ally Financial and Navy Federal Credit Union.

82. For its willful violations of the FCRA, Trans Union is liable to Walston for actual damages, attorney's fees, costs and punitive damages pursuant to the FCRA § 1681n.

83. For its willful violations of the FCRA, Trans Union is liable to Salen for actual damages, attorney's fees, costs and punitive damages pursuant to the FCRA § 1681n.

84. For its negligent violations of the FCRA, Trans Union is liable to Walston for actual damages, attorney's fees, and costs pursuant to the FCRA § 1681o.

85. For  its negligent violations of the FCRA, Trans Union is liable to Salen for actual damages, attorney's fees, and costs pursuant to the FCRA § 168o.

WHEREFORE, Plaintiffs seek actual, statutory, and punitive damages, costs, and a reasonable attorney's fee.

PLAINTIFFS, ASHLEY M.WALSTON and
MATTHEW E. SALEN

By:   __/s/ Daniel S. Blinn_____ _____
       Daniel S. Blinn (ct02188)
       Consumer Law Group, LLC
       35 Cold Spring Rd. Suite 512
       Rocky Hill, CT  06067
       Tel. (860) 571-0408
       Fax. (860) 571-7457
       dblinn@consumerlawgroup.com